■ In the Matter of JOHN MEANEY, Individually and on Behalf of All Others Similarly Situated, Appellant, v CITY OF NEW ROCHELLE et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the City of New Rochelle from eliminating any positions from the existing work force of the city's police department, the petitioner appeals from a judgment of the Supreme Court, Westchester County, dated March 15, 1976, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. The petitioner commenced this CPLR article 78 proceeding, *inter alia,* to review the allocation of funds by the city to the police department under the 1976 budget and the abolition of certain positions in the department. In accordance with CPLR 7803 (subd 3), the questions before the court are whether the respondents' actions were arbitrary and capricious or an abuse of discretion. The petitioner's primary contention is that the respondents' action constituted an arbitrary attempt to impede the collective bargaining process in violation of the Taylor Law. The adoption of a budget is a specially designated municipal power. As such, the adoption of a budget is ordinarily not reviewable *(Meyers v New York State Div. of Housing & Community Renewal,* 36 AD2d 166). No special facts have been pleaded which would justify a review in this instance. The petitioner has failed to plead any facts which would prove that the abolition of the positions in the police department was done in bad faith, rather than because of economic necessity. The contention that the respondents' refusal to bargain with respect to job security is indicative of bad faith, is without merit. Although a job security clause in an existing collective bargaining agreement may be enforceable and may raise an arbitrable controversy, the Court of Appeals has indicated that job security is not a term or condition of employment which is subject to mandatory collective bargaining *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268). There was no job security clause in the existing collective bargaining agreement between the parties which would have restricted the good faith abolition of positions because of economic necessity as part of the respondents' adoption of a budget. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.